**KLESTADT WINTERS JURELLER
   SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie R. Sweeney
Maeghan J. McLoughlin
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtors and Debtors in
   Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| A. L. EASTMOND & SONS, INC., | : | |
| | : | Case No. 15-13214 (SHL) |
| Debtor. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| EASCO BOILER CORP., | : | |
| | : | Case No. 15-13215 (SHL) |
| Debtor. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| EASTMOND & SONS BOILER REPAIR & | : | |
| WELDING SERVICE, INC., | : | |
| | : | Case No. 15-13217 (SHL) |
| Debtor. | : | |

-----------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES PURSUANT TO
<u>FED. R. BANKR. P. 1015(b)</u>**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

  A. L. Eastmond & Sons, Inc., Easco Boiler Corp. and Eastmond & Sons Boiler Repair &

Welding Service, Inc. (collectively, the "<u>Debtors</u>"), by and through their proposed attorneys,

Klestadt Winters Jureller Southard & Stevens, LLP, hereby file this motion (the "Motion") for entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order") authorizing and directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b). In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in this Motion is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On December 1, 2015 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition (collectively, the "Petitions") for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Section 1107 and 1008 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. Each of the Debtors is a corporation organized under the laws of the State of New York. The Debtors are affiliates and are all presently being managed by Arlington Leon Eastmond, Jr., in his capacity as President of each of the Debtors. The Debtors collectively perform various services including, but not limited to, boiler construction, repair, installation,

2

cleaning, welding and replacement. The Debtors do not have any publicly held shares, debentures, or other securities.[1]

## RELIEF REQUESTED

6.      By this Motion, the Debtors seek entry of the Proposed Order authorizing and directing the joint administration of these chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

## BASIS FOR RELIEF REQUESTED

7.      Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

8.      As a result of the common ownership of the Debtors, the Debtors are "affiliates" as that term is defined under Section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Because the Debtors are affiliates, this Court is authorized to grant the relief requested pursuant to Bankruptcy Rule 1015(b).

9.      The Debtors believe that joint administration of the Debtors' chapter 11 cases is warranted because the financial affairs and business operations of the Debtors are closely related. Entry of an order directing joint administration of these cases will avoid duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their estates.

10.     Furthermore, the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates, and the Debtors are not at this time seeking

---

[1] A more detailed description of the Debtors' businesses can be found in the Affidavit of Arlington Leon Eastmond, Jr., President of each of the Debtors, filed pursuant to Local Bankruptcy Rule 1007-2.

substantive consolidation. Each creditor may still file a claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

11. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this district under similar circumstances and is generally non-controversial. *See, e.g., In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sep. 16, 2014); *In re Genco Shipping & Trading Limited, et. al.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); *In re Legend Parent, Inc.*, No. 14-10701 (REG) (Bankr. S.D.N.Y. Mar. 21, 2014); *In re Sbarro LLC*, No. 14-10577 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014).

12. By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders would be best served by joint administration of the above-captioned cases. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the chapter 11 cases under the chapter 11 case with the lowest case number, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| A. L. EASTMOND & SONS, INC., et al.,[1] | : | Case No. 15-13214 (SHL) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) A. L. Eastmond & Sons, Inc. (6359); (ii) Easco Boiler Corp. (2409); and (iii) Eastmond & Sons Boiler Repair & Welding Service, Inc. (3471).

13. The Debtors also request that the Court direct the Clerk's Office to enter a notation substantially similar to the following notation on the dockets of each of the Debtors cases to reflect the joint administration of the cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the following chapter 11 cases: (i) A. L. Eastmond & Sons, Inc. (6359) (Case No. 15-13214); (ii) Easco Boiler Corp. (2409) (Case No. 15-13215); and (iii) Eastmond & Sons Boiler Repair & Welding Service, Inc. (3471) (Case No. 15-13217). The docket in the main case, A.L. Eastmond & Sons, Inc. (Case No. 15-13214) should be consulted for all matters affecting this case."

## NOTICE

14. Notice of the hearing on this Motion and proposed order will be provided by email, facsimile or overnight delivery of a copy to (a) the Secured Lender, by its counsel, (b) the twenty (20) largest unsecured creditors of the Debtors; (c) all known creditors who have or assert liens against the Debtors' assets; (d) the United States Attorney's Office for the Southern District of New York; (e) the Office of the United States Trustee for the Southern District of New York; (f) Office of the Attorney General of the State of New York; (g) New York City Law Department, and (h) all parties filing a notice of appearance in these cases (the "Notice Parties").

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in substantially the same form as that annexed hereto as Exhibit A: (a) authorizing the joint administration of these chapter 11 cases; and (b) granting such other relief as the Court deems just and proper.

Dated:  New York, New York
        December 1, 2015

                **KLESTADT WINTERS JURELLER
                 SOUTHARD & STEVENS, LLP**

        By:  */s/ Tracy L. Klestadt*
             Tracy L. Klestadt
             Stephanie R. Sweeney
             Maeghan J. McLoughlin
             200 West 41st St., 17th Fl.
             New York, New York 10036
             Tel: (212) 972-3000
             Fax: (212) 972-2245
             Email: tklestadt@klestadt.com

             *Proposed Counsel to the Debtors and Debtors
               in possession*