**KLESTADT WINTERS JURELLER
 SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie R. Sweeney
Maeghan J. McLoughlin
200 West 41st St., 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtors and Debtors in
 Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| A. L. EASTMOND & SONS, INC., et al.,[1] : | Case No. 15-13214 (SHL) |
| : | |
| : | |
| : | |
| Debtors.   : | (Joint Administration Pending) |

---------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING PAYMENT OF PRE-
PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT, (II)
AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT
THERETO, AND (III) APPROVING PAYMENT OF POST-PETITION WAGES,
EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT**

A. L. Eastmond & Sons, Inc. ("AL Eastmond"), Eastmond & Sons Boiler Repair &

Welding Service, Inc. ("Eastmond & Sons"), and Easco Boiler Corp. ("Easco" and together with

AL Eastmond and Eastmond & Sons, the "Debtors"), the Debtors in the above-captioned chapter

11 cases, submit their motion ("Motion") pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule

6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of

interim and final orders:  (i) authorizing, but not requiring, payment of pre-petition wages,

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) A. L. Eastmond & Sons, Inc. (6359); (ii) Easco Boiler Corp. (2409); and (iii) Eastmond & Sons Boiler Repair & Welding Service, Inc. (3471).

1

employee benefits and expense reimbursement, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of post-petition wages, employee benefits and expense reimbursement, respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Bankruptcy Rules.

### Background

3. On December 1, 2015 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By a motion filed on the Petition Date, the Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

4. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or committee has been appointed in these cases.

### Relief Requested

6. By this Motion, the Debtors request, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, entry of an order (i) authorizing, but not requiring, the Debtors to pay, in their sole discretion, Pre-petition Wages, Employee Benefits, and Reimbursable Expenses (each as defined below, and collectively, the "Employee Obligations"), and costs incident to the foregoing, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii)

2

authorizing, but not requiring payment of post-petition wages and employee benefits as they were in effect as of the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course.[2]

7. Because the Petition Date falls within a current payroll period, a certain portion of the Debtors' employees are owed monies by the Debtors on account of pre-petition services rendered. By this Motion, the Debtors seek to pay Employee Obligations owed to their employees prior to the Petition Date in the amounts set forth herein.

8. To avoid the significant risks of employees refusing to continue to work for the Debtors or discontent or loss of morale among essential employees, and in view of the priority awarded to wage claims, it is necessary and appropriate that the Debtors be granted the requested authorization.

9. The Debtors require the continued service of their employees in order to ensure that the continuity and quality of their business operations will not be threatened and so that the Debtors may continue, without unnecessary interruption, their efforts to achieve a successful reorganization.

### The Debtors' Pre-petition Employee Obligations

A. Pre-petition Wages and Salaries

10. In the ordinary course of their businesses, the Debtors incur payroll, health insurance, and expense reimbursement obligations to their employees for the performance of services. As of the Petition Date, the Debtors employed approximately ninety-six 96 individuals.

---

[2] The Debtors currently pay their employees by specialized checks ordered approximately one month in advance. The Debtors will not have received such checks for their debtor in possession accounts on or before the next scheduled pay date of December 4, 2015. As a result, in order to ensure timely payment to their employees, the Debtors request authorization to pay the pre-petition amounts authorized to be paid pursuant to this Motion by pre-petition account checks consistent with past practices.

AL Eastmond has 17 employees, Easco has 55 employees, and Eastmond & Sons has 24 (together, the "Employees").

11. The Debtors issue payroll weekly to their Employees. The Debtors' weekly pay period runs from Monday through Sunday. Employees are paid every Friday for the preceding Monday through Sunday. Because the Petition Date falls within a current payroll period, a certain portion of the Debtors' employees are owed monies by the Debtors on account of pre-petition services rendered. All of the Debtors' employees receive their weekly pay via check.

12. On November 27, 2015, prior to commencing these cases, the Debtors made payments to Employees on account of wages earned during the week of November 16, 2015 through November 22, 2015. The Debtors did not make any other payments to their Employees immediately prior to the Petition Date. Consequently, the Debtors are seeking authority to pay all compensation earned but not paid during the period of November 23, 2015 through November 30, 2015. The Debtors believe that the total amount of gross unpaid wages, net of employer payroll tax, earned during the period of November 23, 2015 through November 30, 2015 is $130,787.22. Of that amount, $43,524.81 is owed by AL Eastmond, $31,250.58 is owed by Eastmond & Sons, and $56,011.83 is owed by Easco.

13. Certain of the Debtors' Employees owe the Debtors money on account of advances made from the Debtors to the Employees in the past. Therefore, the compensation owed to an Employee by a Debtor may be set off by the amount such Employee owes such Debtor. The Debtors request that they be authorized, but not required, to set off, in whole or in part, the compensation owed to certain Employees against the amounts owed by such Employees to the Debtors in accordance with the Debtors' business judgment.

14. Annexed hereto as **Exhibit A** is a spreadsheet identifying the gross amount owed,

4

as of November 30, 2015, to each of the Debtors' employees, excluding employer payroll taxes, and any contemplated set off of loans pursuant to paragraph 13 above (the "Prepetition Wages").

15. The Debtors request authority to pay the Prepetition Wages and authority to continue payment of post-petition wages in the ordinary course of business.

B. Employee Benefits

16. In the ordinary course of the Debtors' business, the Debtors provide their Employees with health insurance benefits through AETNA, dental insurance through Delta Dental, and health care reimbursement service through the Debtors' third party health insurance administrator, Prairie States (collectively, the "Employee Benefits"). The Debtors' premium payments for insurance payable under these plans in any given month total approximately $24,007.42. The full amount of $24,007.42 is owed by AL Eastmond, with $0.00 owed by Eastmond & Sons or Easco in any given month.

17. The Debtors do not owe any outstanding pre-petition obligations for payment of Employee Benefits.

18. The Debtors offer the Employees a 401-k plan. Several Employees contribute to the plan, but the Debtors do not contribute to the Plan and do not owe their Employees any funds for contributions.

19. The Debtors seek authority to pay the Employee Benefits after the Petition Date in the ordinary course of business.

C. Reimbursable Business Expenses

20. Prior to the Petition Date and in the ordinary course of their business, the Debtors reimbursed their Employees for certain expenses incurred in the scope of their employment or services performed. Reimbursable expenses consist of expenses relating to, *inter alia*, business-

5

related travel expenses, business meals, phone costs, and miscellaneous business expenses (collectively, the "Reimbursable Expenses").

21.     Any Reimbursable Expenses are incurred on the Debtors' behalf and with the understanding that they will be reimbursed in the normal course.

22.     There are no outstanding Reimbursable Expenses as of the Petition Date. The Debtors seek authority to pay Reimbursable Expenses post-petition in the ordinary course of business.

## Basis for Relief Requested

23.     In *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), for example, this Court permitted the debtor corporation to pay its current employees' pre-petition wages, salaries, medical benefits and business expense claims. *See id.* at 175 (discussing grant of requested relief as necessary to preserve the business and contrasting the union's request on behalf of striking workers).  This Court stated that the Bankruptcy Court's equitable powers under section 105(a) may be used to effectuate a restructuring of the company's finances to provide jobs for its employees. *Id.* at 177 (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 16 (1977)). Federal courts have consistently permitted post-petition payment of pre-petition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport Ry.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations").

24.     Courts have also permitted a debtor-in-possession to pay pre-petition wage, salary, expense and benefit claims on the ground that payment of such pre-petition claims was necessary for the operation of the debtor's business during the chapter 11 process. *See, e.g.,*

6

*Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp.* (*In re Chateaugay Corp.*), 80 B.R. 279 (S.D.N.Y. 1987) (approving bankruptcy court order authorizing debtor to pay certain pre-bankruptcy wages, salaries, employee reimbursement expenses and benefits, including payments on workers' compensation claims); *see also In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) ("[T]o invoke the necessity of payment doctrine, a debtor must show that payment of the prepetition claims is critical to the debtor's reorganization."); *In re Eagle-Pitcher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."). *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing debtor-in-possession to pay pre-petition employee wages and benefits, and health, life and workers' compensation insurance premiums); *In re Continental Airlines Corp.*, Case No. 83-04019-72-5 (Bankr. S.D. Tex. Sept. 29, 1983) (authorizing payment of active employees' pre-petition claims for salary, insurance benefits and out-of-pocket expenses and payments of $500,000 toward certain employee insurance claims).

25. Numerous courts have invoked the equitable powers available under section 105(a) of the Bankruptcy Code to authorize the payment of pre-petition employee claims. *See, Recycled Paper Greetings, Inc., et al.*, Case No. 09-10002 (KG) (Bankr. D. Del. Jan. 2, 2009) (not limiting payment of wage obligations to $10,950 per employee); *Vertis Holdings, Inc., et al.*, Case No. 08-11460 (CSS) (Bankr. D. Del. July 15, 2008) (same); *see also In re Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008) [Docket No. 49]; *In re Lexington Precision Corp.*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 22, 2008) [Docket No. 27]; *In re Centennial Coal, Inc.*, Case No. 98-2316 (PJW) (Bankr. Del. Oct.

7

13, 1998); *In re Mobile Media Communications, Inc.*, Case No. 97-174 (PJW) (Bankr. Del. Jan. 30, 1997); *In re Cherokee, Inc.*, Case No. 93- 467 (HSB) (Bankr. Del. Apr. 23, 1993); *In re SPI Holdings, Inc.*, Case No. 92-1176 (HSB) (Bankr. D. Del. Sept. 17, 1992).

26. Authorizing payment of the Employee Obligations is consistent with the policies of the Bankruptcy Code and is permitted by section 105 of the Bankruptcy Code. The payment of the Employee Obligations to the Debtors' employees will not significantly prejudice the other creditors in this proceeding because the vast majority of any such unpaid amounts would give rise to priority claims under sections 507(a)(4) and (5) of the Bankruptcy Code that, in the absence of this Motion, would be paid in full under any plan of reorganization before the Debtors' general unsecured creditors could receive a distribution. The Debtors are not seeking to pay any one employee in excess of $12,475 on account of Employee Obligations.

27. Any delay or failure to pay salary and benefits would irreparably impair the Debtors' employees' morale, dedication, confidence, and cooperation, and would adversely impact the Debtors' relationship with their employees at a time when the Employees' support is critical to the Debtors' ability to complete ongoing projects and to the reorganization of the Debtors' businesses. At this early stage, the Debtors simply cannot risk the substantial damage to their businesses that would inevitably attend any decline in their employees' morale.

28. Accordingly, by this Motion, the Debtors seek authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to pay Employee Obligations as they become due and owing during the pendency of this case and to continue, uninterrupted, their practices, programs and policies with respect to their employees, as such practices, programs, and policies were in effect as of the Petition Date.

## **NOTICE**

29. Notice of the hearing on this Motion and proposed order will be provided by email, facsimile or overnight delivery of a copy to (a) the Secured Lender, by its counsel, (b) the twenty (20) largest unsecured creditors of the Debtors; (c) all known creditors who have or assert liens against the Debtors' assets; (d) the United States Attorney's Office for the Southern District of New York; (e) the Office of the United States Trustee for the Southern District of New York; (f) Office of the Attorney General of the State of New York; (g) New York City Law Department, and (h) all parties filing a notice of appearance in these cases (the "Notice Parties").

**NO PRIOR REQUEST**

30. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as **Exhibit B** granting the relief requested herein, and such other and further relief as is just and proper.

Dated:  New York, New York
        December 1, 2015

                                         **KLESTADT WINTERS JURELLER**
                                         **SOUTHARD & STEVENS, LLP**

By:  */s/ Tracy L. Klestadt*
      Tracy L. Klestadt
      Stephanie R. Sweeney
      Maeghan J. McLoughlin
      200 West 41st St., 17th Fl.
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: tklestadt@klestadt.com

      *Proposed Counsel to the Debtors and Debtors
        in Possession*