**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                                    :          Chapter 11
                                                                         :
A. L. EASTMOND & SONS, INC., <u>et al.</u>,[1]          :          Case No. 15-13214 (SHL)
                                                                         :
                                                                         :
                                                                         :
                                                                         :          (Joint Administration Pending)
                                                                         :
                                            Debtors.           :
-----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) AND GRANTING OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361

This matter having come before the Court upon the motion (the "<u>Motion</u>") of A. L. Eastmond & Sons, Inc. ("<u>AL Eastmond</u>"), Easco Boiler Corp. ("<u>Easco Boiler</u>"), and Eastmond & Sons Boiler Repair & Welding Service, Inc. ("<u>Eastmond & Sons</u>") (each a "<u>Debtor</u>" and together the "<u>Debtors</u>"), the Debtors in the above-captioned bankruptcy case, pursuant to sections 105(a), 361, and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and S.D.N.Y. Local Rule 4001-2, seeking entry of an interim order (a) authorizing the Debtors to use Cash Collateral (as defined herein) pursuant to sections 361 and 363 of the Bankruptcy Code; (b) approving the form of adequate protection provided to the Debtors' prepetition secured creditors pursuant to Bankruptcy Code sections 361 and 363; (c) scheduling a final hearing ("<u>Final Hearing</u>") on the Motion; and (d) granting related relief.  The Court having considered the Motion, the *Affidavit of Arlington Leon Eastmond, Jr., President of the Debtors, Pursuant to Local Bankruptcy Rule 1007-2* (the "<u>Eastmond Affidavit</u>"), the exhibits attached thereto, and the

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) A. L. Eastmond & Sons, Inc. (6359); (ii) Easco Boiler Corp. (2409); and (iii) Eastmond & Sons Boiler Repair & Welding Service, Inc. (3471).

evidence submitted or adduced and the arguments of counsel made at the interim hearing held on

the Motion (the "Interim Hearing"); and notice of the Interim Hearing having been given in

accordance with Bankruptcy Rules 4001(b) and (d), 9014, and 2002; and the Interim Hearing to

consider the interim relief requested in the Motion having been held and concluded; and all

objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved

or overruled by the Court; and it appearing to the Court that, pursuant to Bankruptcy Rule 4001,

granting the interim relief requested is necessary to avoid immediate and irreparable harm to the

Debtors and their estate pending the Final Hearing, and otherwise is fair and reasonable and in

the best interests of the Debtors, their estates, and their creditors and equity holders, and is

essential for the continued operation of the Debtors' business; and after due deliberation and

consideration, and for good and sufficient cause appearing therefor;

**BASED UPON THE RECORD AT THE INTERIM HEARING AND THE
REPRESENTATIONS OF COUNSEL, THE COURT HEREBY MAKES THE
FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

## BACKGROUND

A.      On December 1, 2015 (the "Petition Date"), the Debtors each filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue

to operate their business and manage their property as debtors in possession pursuant to Section

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the

Debtors' cases (collectively the "Cases," individually a "Case").

B.      As of the date of this Motion, the United States Trustee has not yet appointed an

official committee of unsecured creditors in these cases.

C.     A full recitation of the factual background relating to these cases may be found in the Rule 1007 affidavit of Arlington Leon Eastmond, Jr., dated as of December 1, 2015.

D.     Prior to the Petition Date, the Debtors entered into that certain Loan and Security Agreement (as amended, supplemented and otherwise modified from time to time, the "Pre-petition Secured Credit Agreement"; the liens thereunder, the "CCHP Liens"), dated December 21, 2007, by and between Sovereign Bank (the "Original Lender")[2] and the Debtors.    The Original Lender assigned the Loan Documents[3] to Stabilis Fund II, LLC ("Stabilis") who later assigned all Loan Documents and UCC Financing Statements to CCHP, LLC (as assignee of the Original Lender and Stabilis, the "Secured Lender").    The Debtors' obligations to Secured Lender are secured by four estate-owned real estate parcels (the "Estate Collateral Properties"), a fifth real estate parcel owned individually by Arlington Leon Eastmond, Jr. (together with the Estate Collateral Properties, the "Collateral Properties"), and all of the Debtors' personal property, including machinery, equipment and goods located at each of the Estate Collateral Properties (the "Personal Property Collateral" and, together with the Collateral Properties and the Collateral Assignments, the "Secured Lender Collateral").

E.     In addition to the obligations outstanding under the Loan Documents, the Debtors have certain secured indebtedness outstanding in connection with judgments entered against each of the Debtors.

F.     The Court and interested parties are respectfully referred to the Motion for a detailed description of the Debtors' pre-petition secured indebtedness to the secured creditors of each of the Debtors.

---

[2] As described more fully herein, the Original Lender assigned the Loan Documents (as defined below) to Stabilis Fund II, LLC, who later assigned the Loan Documents to the current lender, CCHP LLC.

[3] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

G.    All cash, accounts receivable, and other proceeds of the Secured Lender's Collateral in the Debtors' possession or control as of the Petition Date, and all cash, accounts receivable and other proceeds of the Secured Lender's Collateral coming into the Debtors' possession or control after the Petition Date, constitute the Secured Lender's Cash Collateral within the meaning of section 363(a) of the Bankruptcy Code.

H.    All cash, accounts receivable, inventory and other assets of AL Eastmond, including any proceeds of the Estate Collateral Properties as of the Petition Date (but not following the Petition Date) constitute the AL Eastmond Secured Creditors' Cash Collateral within the meaning of Section 363(a) of the Bankruptcy Code.

I.    All cash, accounts receivable, inventory and other assets of Easco and Eastmond & Sons as of the Petition Date (but not following the Petition Date) constitute the Easco Secured Creditors' and the Eastmond & Sons Secured Creditors' Cash Collateral, respectively, within the meaning of Section 363(a) of the Bankruptcy Code.

J.    The Secured Lender, the Easco Secured Creditors and the Eastmond & Sons Secured Creditors are entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of their interest in their respective collateral to the extent of any diminution in the value of such collateral as a result of the use of Cash Collateral, the use, sale or lease of their respective collateral (other than the Cash Collateral), and the imposition of the automatic stay.

K.    The Debtors do not acknowledge or stipulate to the extent, validity, or perfection of any lien or security interest existing as of the Petition Date.

L.    The Debtors are not seeking a carve-out from the Cash Collateral for professional fees or to reserve funds in the event of conversion or dismissal of this case.

4

M.      The Debtors do not have sufficient available sources of working capital and financing to operate their business in the ordinary course of business or maintain their respective property without the use of the Cash Collateral.  The Debtors' ability to maintain business relationships with their vendors, suppliers and customers, to pay their employees and otherwise finance their operations, is essential to the Debtors' continued viability and to maintain the value of their assets. In the absence of the use of Cash Collateral, the continued operation of the Debtors' business would be in doubt, and serious and irreparable harm to the Debtors and their estates would occur.  The Debtors do not have sufficient available sources of working capital and financing to operate their business or to maintain their properties in the ordinary course of business without the authorized use of Cash Collateral.

**NOW, THEREFORE**, with the foregoing findings of fact and conclusions of law incorporated hereinafter, the Debtors and the Secured Creditors are legally bound as follows:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors shall be entitled to use the Cash Collateral in accordance with and subject to the terms and conditions of this Order and pursuant to the Budget (as defined below) approved hereby on an interim basis for a period of fifteen (15) days from the Petition Date.  The proposed use of Cash Collateral shall be consistent with and for the purposes described in the Budget prepared by the Debtors and attached hereto as **Exhibit 1** (the "Budget").

1.      As adequate protection to the extent of any diminution in the value of the Secured Lender's Collateral resulting from (i) the use of the Secured Lender's Cash Collateral pursuant to Bankruptcy Code § 363(e), (ii) the use, sale or lease of the Secured Lender's Collateral (other than the Cash Collateral) pursuant to Bankruptcy Code § 363(c) and (iii) the imposition of the automatic stay pursuant to Bankruptcy Code § 362(a), the Secured Lender shall be granted valid

and perfected replacement security interests in and liens on, all of the Debtors' right, title and interest in and to all assets and properties of the Debtors, whether existing as of the Petition Date or acquired thereafter, including new receivables, inventory, and proceeds of the Estate Collateral Properties, but excluding causes of action under Chapter 5 of the Bankruptcy Code and the proceeds thereof, to the same extent and with the same priority and validity that they had as of the Petition Date.

2.      As additional adequate protection, the Secured Lender will also receive monthly payments at the Wall Street Journal prime rate on account of the CCHP Liens in accordance with the Budget.

3.      As adequate protection to the extent of any diminution in the value of the collateral of the Easco Secured Creditors or the Eastmond & Sons Secured Creditors resulting from (i) the use of such creditors' respective Cash Collateral pursuant to Bankruptcy Code § 363(e), (ii) the use, sale or lease of such creditors' respective collateral (other than the Cash Collateral) pursuant to Bankruptcy Code § 363(c) and (iii) the imposition of the automatic stay pursuant to Bankruptcy Code § 362(a), the Easco Secured Creditors and the Eastmond & Sons Secured Creditors shall be granted valid and perfected replacement security interests in and liens on, all of the applicable Debtor's right, title and interest in and to all assets and properties of such Debtor, whether existing as of the Petition Date or acquired thereafter, including new receivables, inventory, and proceeds of the Easco Secured Creditors' and Eastmond & Sons Secured Creditors' respective collateral, but excluding causes of action under Chapter 5 of the Bankruptcy Code and the proceeds thereof, to the same extent and with the same priority and validity that such liens and security interests had as of the Petition Date.

3.       The liens of the AL Eastmond Secured Creditors shall remain in place to the same extent and with the same priority and validity that they had as of the Petition Date.

4.       The replacement liens granted pursuant to this Order shall constitute valid and duly perfected security interests and liens as of the Petition Date to the extent the applicable prepetition liens were valid and perfected as of the Petition Date, and none of the Secured Lender, the Easco Secured Creditors or the Eastmond & Sons Secured Creditors shall be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and replacement liens; and the failure by the Debtors to execute any other documentation relating to the replacement liens shall in no way affect the validity, perfection or priority of such replacement liens.  If, however, any of the Secured Lender, the Easco Secured Creditors or the Eastmond & Sons Secured Creditors shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of their respective replacement liens, the Debtors shall use reasonable best efforts to cooperate with and assist in such process.

5.       The stay imposed by Section 362(a) of the Bankruptcy Code is hereby modified, to the extent applicable, to allow for the filing and recording of a certified copy of this Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of the Petition Date.

6.       The replacement liens granted pursuant to the provisions of this Order and any actions taken by any of the Secured Lender, the Easco Secured Creditors or the Eastmond & Sons Secured Creditors pursuant hereto shall survive entry of any order which may be entered (a) converting the Case to a chapter 7 case or (b) dismissing the Case.

7.     To the extent that as of the Petition Date, there existed any validly existing, properly perfected and enforceable lien on any of the collateral of the Secured Lender, the Easco Secured Creditors or the Eastmond & Sons Secured Creditors which is senior in priority to the security interests of any such creditor, nothing contained herein is intended to impair or modify such priority.

8.     The terms of this Order shall be binding upon all parties in interest, including, without limitation, the Debtor, the Secured Lender, the AL Eastmond Secured Creditors, the Easco Secured Creditors, the Eastmond & Sons Secured Creditors, and any statutory committee appointed in this case.

9.     Unless otherwise ordered by this Court, the Debtors shall not, directly or indirectly, create, incur, assume or permit to exist any security interest, encumbrance, lien or other security arrangement of any kind, on or with respect to any of their assets, or take or fail to take any action which would grant or create a lien or security interest in favor of any person in such assets.

10.     The Debtors do not have sufficient available sources of working capital and financing to operate their respective businesses in the ordinary course of business or maintain their respective property without the use of the Cash Collateral.  The Debtors' ability to maintain business relationships with their vendors, suppliers and customers, to pay their employees and otherwise finance their operations, is essential to the Debtors' continued viability and to maintain the value of their assets.  In the absence of the use of Cash Collateral, the continued operation of the Debtors' businesses would be in doubt, and serious and irreparable harm to the Debtors and their estates would occur.

11.     None of the secured creditors shall receive post-petition liens on causes of action arising under Chapter 5 of the Bankruptcy Code.

12.     The Secured Lender, the Easco Secured Creditors and the Eastmond & Sons Secured Creditors shall be deemed to be parties-in-interest for all purposes in these chapter 11 cases with the right and opportunity to appear and be heard on all matters arising herein including, without limitation: (a) employment and payment of professionals by the Debtors' estate; (b) the sale of any estate property; (c) any plan or reorganization proposed in this case; and (d) any proposed conversion or dismissal of this case.

13.     In the event that an order dismissing this case is entered under Section 1112 of the Bankruptcy Code or otherwise, the terms and provisions of this Order shall survive and this Court shall retain jurisdiction, notwithstanding any such dismissal for purposes of enforcing the same.

14.     The Debtors are authorized to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution of additional security agreement and financing statements) and to pay fees and expenses which may be required or necessary for the Debtors' performance under the Loan Documents.

15.     To the extent of any inconsistency between the terms of the Loan Documents and the terms of this Order, the terms of this Order shall govern.

16.     The Debtors' authority to use Cash Collateral pursuant to this Order will terminate on December 16, 2016, which date may be extended subject to the entry of a corresponding order of this Court.

17.     The Final Hearing to consider entry of the Final Order and final approval of the use of Cash Collateral is scheduled for _____, 2015 at _____ before the

Honorable _____ at the United States Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004.

18.     Upon approval and entry of this Order, Debtors' counsel shall serve notice of entry of this Order, together with a copy of this Order, by first class mail prepaid upon: (i) the Secured Lender, the AL Eastmond Secured Creditors, the Easco Secured Creditors and the Eastmond & Sons Secured Creditors, by their respective counsel, if known; (ii) the top twenty consolidated creditors in the Debtors' cases; (iii) any parties who are known to have, or profess to have, liens on any of the collateral of such secured creditors; (iv) all other parties requesting notice pursuant to Bankruptcy Rule 2002, and (v) counsel to any statutory committee.

19.     Objections, if any, to the relief sought in the Motion and with respect to entry of a Final Order shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the clerk of the Bankruptcy Court (with a copy to Chambers), and personally served upon (a) Klestadt Winters Jureller Southard & Stevens, LLP (Attn: Tracy L. Klestadt), proposed counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York; (c) counsel to any statutory committee; and (d) the Secured Creditors, or their counsel if known, so that such objections are filed with the Court and received by said parties on or before _____ Eastern Time on _____ with respect to entry of the Final Order.

20.     This Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: New York, New York
          December ____, 2015

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE