**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

A. L. Eastmond & Sons, Inc., et al.,

                                Debtors.

Chapter 11

Case No. 15-13214 (SHL)

(Jointly Administered)

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND "AS IS" AND "WHERE IS"

Upon that portion of the motion (the "Sale Motion")[1] of A. L. Eastmond & Sons, Inc. ("AL Eastmond"), Easco Boiler Corp. ("Easco Boiler") and Eastmond & Sons Boiler Repair & Welding Service, Inc. ("Eastmond & Sons"), debtors in possession (collectively, the "Debtors"), dated March 28, 2016, for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the sale of the Debtors' property located at 1200 Oak Point Avenue, a/k/a 448 Tiffany Street, Hunts Point, Bronx, New York and 437 Casanova Street, Hunts Point, Bronx, New York  (collectively, the "Property") free and clear of all liens, claims and encumbrances, but otherwise "as is" and "where is", to AFP Seventy Eight Corp., the Stalking Horse Bidder, or its IRC 1031 designee (the "Purchaser"), as described in the Sale Motion; and upon this Court's prior order, dated April 15, 2016, *inter alia*, approving the Bid Procedures and approving the Sale Agreement subject to better and higher offers as may emerge at auction (the "Bid Procedures Order"); and, in

---

[1] Unless otherwise indicated, terms capitalized but not defined herein shall have the meanings assigned to them in the Sale Motion.

accordance with the Bid Procedures, no Qualified Bids having been timely received and no Auction having been held; and the Stalking Horse Bidder having made the highest and best offer and having been designated the Successful Bidder and Purchaser; and due notice of the Sale Motion, the Bid Procedures Order, the Auction and the Sale Hearing having been given to all parties entitled thereto and no other or further notice need be provided;

NOW, THEREFORE, upon the entire record of the Bid Procedures Hearing and the Sale Hearing and all prior proceedings in this case, and after due deliberation thereon and good cause appearing therefor;

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.    Proper notice of the Sale Motion and the relief requested therein, the Auction, the Sale Hearing, and related transactions described in the Sale Agreement, including, without limitation, any termination rights contained in the Sale Agreement (all such transactions being collectively referred to as the "Sale Transaction"), has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 in compliance with the Bid Procedures Order to all interested persons and entities, including (i) the Office of the United States Trustee; (ii) counsel to the Secured Lender; (iii) counsel to the Purchaser; (iv) all persons who made their interest in the property known to the Debtors, their

counsel and/or their Broker or asserted any liens against or an interest in the Property, including, but not limited to, all those parties identified in the Debtors' title search with respect to the Property; (v) the Internal Revenue Service; (vi) New York State Department of Taxation and Finance; (vii) Corporation Counsel for the City of New York; (viii) Office of the United States Attorney; (ix) Office of the New York State Attorney General; (x) all known creditors and parties-in-interest; (xi) all entities having filed a notice of appearance; and (xii) all others who are entitled to notice pursuant to Bankruptcy Rule 2002.

D.       As demonstrated by the testimony and other evidence proffered or submitted and the representations of counsel made at the Bid Procedures Hearing and the Sale Hearing, the Debtors have marketed the Property and conducted the sale process in compliance with the Bid Procedures Order.

E.       Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Property and to object or be heard with respect to the Sale Motion and the relief requested therein.

F.       The Debtors have full corporate power and authority to consummate the Sale Transaction pursuant to the Sale Agreement and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Sale Agreement, are required for the Debtors to consummate the Sale Transaction.

G.       Approval of the Sale Agreement and consummation of the Sale Transaction are in the best interests of the Debtors, their creditors and estates, and other parties-in-interest.

H.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code.

I.    The Sale Agreement was negotiated, proposed and entered into by and between AL Eastmond and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  None of the Debtors or the Purchaser has engaged in any conduct that would permit the avoidance of the Sale Agreement or the Sale Transaction or the imposition of costs or damages under section 363(n) of the Bankruptcy Code.  The Purchaser is not an "insider" or "affiliate" of the Debtors (as those terms are defined in the Bankruptcy Code).

J.    The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in that: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in a transaction regarding the Sale; (ii) the Purchaser agreed to provisions in the Sale Agreement that would enable the Debtors to accept a higher and better offer in respect of the Sale; (iii) the Purchaser made the highest and best Qualified Bid in respect of the Sale; (iv) all payments to be made by or to the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale Transaction have been disclosed; and (v) the negotiation and execution of the Sale Agreement and any other agreements or instruments related thereto was in good faith and at arm's-length between the Purchaser and AL Eastmond.  The Purchaser has at all times acted in good faith and will continue to be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale Transaction.

K.    The Sale of the Property is an essential element of the Debtors' chapter 11 plan of reorganization, and the consummation of the closing of the Sale will be a transfer under,

pursuant to, in connection with and in furtherance of such chapter 11 plan of reorganization. Accordingly, the Debtors' sale, transfer, assignment and conveyance of the Property to the Purchaser shall be entitled to the protections afforded under section 1146(a) of the Bankruptcy Code, as interpreted by the Supreme Court in *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.*, 128 S.Ct. 2326 (2008), and such Sale and transfer and delivery of any and all instruments of transfer in connection therewith shall be exempt from real estate transfer, stamp, sales, use, mortgage recording, and similar taxes. The transfer of the Property is also exempt from New York State real estate transfer tax, as it is a conveyance pursuant to the Bankruptcy Code. *See* N.Y. Tax law § 1405(b)(8).

L.      The terms and conditions of the Sale Agreement are fair and reasonable. The consideration provided by the Purchaser for the Property pursuant to the Sale Agreement (i) is fair and reasonable; (ii) is the highest or best offer for the Property; (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

M.      Except as set forth in the Sale Agreement, the Purchaser is not and will not be liable to any agent, broker, person or firm acting or purporting to act on behalf of the Debtors or the Purchaser for any commission, broker's fee or finder's fee respecting the Sale Transaction.

N.      The Property constitutes property of the Debtors' estates. AL Eastmond is the sole and lawful owner of the Property and holds good title thereto, subject only to the Permitted Exceptions (as defined in the Sale Agreement). The transfer of the Property to the Purchaser will be a legal, valid, and effective transfer of the Property and will vest the Purchaser

5

with all right, title, and interest of the Debtors in and to the Property free and clear of all liens,

claims, interests, obligations, rights, charges and encumbrances, and that scheduled in the Title

Report referred to as "Departmental Searches and Results" including, violations, complaints, job

filings, open permits and inspections, Department of Building violations, Boiler requirements,

Fire Department violations; all issued against the Debtor and subject Property, except for the

Permitted Exceptions as specifically provided in the Sale Agreement.

      O.    The Property is sold free and clear of all, liens, interests, obligations,

rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including,

any "claim" as defined in section 101(5) of the Bankruptcy Code), charges, options, rights of

first refusal, easements, servitudes, agreements, loans, union claims, pension claims, judgments,

trade accounts payable balances, overages, factoring, intercompany financial liabilities,

guarantees, leases, contingencies, personal liability, environmental liability, products liability,

litigation claims, successor liability, hypothecations, demands, licenses, sublicenses,

assignments, debts, obligations, guaranties, options, restrictions, and those items scheduled in the

Title Report referred to as "Departmental Searches and Results" including, violations,

complaints, job filings, open permits and inspections, Department of Building violations, Boiler

requirements, Fire Department violations, in each case of whatever kind, nature, or description

in, against or with respect to any of the Property, having arisen, existed or accrued prior to and

through the closing of the Sale Transaction (the "Closing"), whether known or unknown, of

record or not of record, direct or indirect, absolute or contingent, choate or inchoate, fixed or

contingent, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement,

understanding, law, equity, statute or otherwise, and whether arising prior to, on or after the

Petition Date, including, but not limited to, those listed on Schedule A attached hereto

(collectively, "Liens, Claims and/or Interests"), except for Permitted Exceptions as expressly provided in the Sale Agreement, because one or more of the standards set forth in section 363(f)(1) – (5) has been satisfied with regard to each such Lien, Claim and/or Interest. Those non-Debtor parties with Liens, Claims and/or Interests in or with respect to the Property who did not object, or who withdrew their objections to the Sale Transaction or the Sale Motion are deemed to have consented to the sale of the Property free and clear of those non-Debtor parties' Liens, Claims and/or Interests in the Property pursuant to section 363(f)(2) of the Bankruptcy Code. Those non-Debtor parties with Liens, Claims and/or Interests in or with respect to the Property who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their Liens, Claims and/or Interests within the meaning of section 363(f)(5) of the Bankruptcy Code, or applicable nonbankruptcy law permits sale of the Property free and clear of such Liens, Claims and/or Interests under section 363(f)(1).

P.    The transfer of the Property to the Purchaser (i) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable bankruptcy or non-bankruptcy law and (ii) does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtors' business prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting successor, alter ego, piercing the corporate veil, transferee or vicarious liability.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1.      The Sale Motion is hereby granted in its entirety.

2.      The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      Any objections to the Sale Motion or the relief requested therein, including the Statement of TP Tiffany 709 LLC with Regard to Debtor's Auction and Sale Hearing [Dkt. No. 127], are hereby overruled on the merits with prejudice.

### Approval of the Sale Agreement

4.      The Sale Transaction, and all of the terms and conditions and transactions contemplated by the Sale Agreement, are hereby authorized and approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.  The Debtors are authorized and directed to execute and deliver the Sale Agreement and any additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement and to take such other actions as reasonably necessary or desirable to consummate and close the Sale Transaction and convey the Property to the Purchaser in accordance with the terms and conditions of the Sale Agreement and this Order.

### Transfer of the Property

5.      Except for the Permitted Exceptions listed on Exhibit A-1 to the Sale Agreement, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing,

the Property (and good and marketable title to such Property) and all of the Debtors' rights, title and interest therein shall be transferred to the Purchaser free and clear of all Liens, Claims and/or Interests, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the Sale Transaction (if any) in the order of their priority, with the same validity, force and effect which they now have as against the respective Property, subject to any claims and defenses, setoffs or rights of recoupment the Debtors or the Debtors' estates may possess with respect thereto, and without any recourse or remedy against the Purchaser.

6.      Except for the Permitted Exceptions listed on Exhibit A-1 to the Sale Agreement, as expressly provided in the Sale Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, municipal and departmental agency entities, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens, Claims and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Debtors and/or the Property arising or accruing under or out of, in connection with, or in any way relating to, the Debtors, the Property, the operation of the Debtors' business prior to the Closing, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims and/or Interests against the Property or  the Purchaser or any of the Purchaser's successors or assigns.  Following the Closing, no holder of a Lien, Claim and/or Interest shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to such Lien, Claim and/or Interest or any actions that the Debtors have taken or may take in its Chapter 11 case.  The Purchaser shall have no liability for any Claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors or their estates.

7.      All governmental, municipal and departmental agencies and entities are ordered and directed to cancel, void, expunge and discharge all Liens, Claims and/or Interests filed or docketed against or affecting the Property.

8.      The transfer of the Property to the Purchaser pursuant to the Sale Agreement constitutes a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Debtors in and to the Property.

**Additional Provisions**

9.      Without limiting the other terms of this Order, prior to or upon the Closing, the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Property as such Liens, Claims and/or Interests may have been recorded or may otherwise exist.

10.     Except for the Permitted Exceptions, this Order (i) shall be effective as a determination that, upon the Closing, all Liens, Claims and/or Interests existing with respect to the Debtors and/or the Property prior to the Closing have been unconditionally released, discharged and terminated as to the Purchaser and the Property, and that the conveyances described herein have been effected; and (ii) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

11.    The Debtors' sale, transfer, assignment and conveyance of the Property to the Purchaser is entitled to the protections afforded under section 1146(a) of the Bankruptcy Code, as interpreted by the Supreme Court in *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.*, 128 S.Ct. 2326 (2008), and section 1405(b)(8) of the New York Tax Law. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement, all without imposition or payments of any real estate transfer, stamp, sales, use, mortgage recording, or similar taxes.

12.    Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing interests with respect to the Debtors and/or the Property shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtors, the Property or otherwise, then (i) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; and (ii) the Purchaser and/or the Debtors are hereby authorized to file, register, or otherwise record a copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims and/or Interests in, against or with respect to the Debtors and/or the Property.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

13.     All entities that are presently, or on the Closing may be, in possession of some or all of the Property are hereby directed to surrender possession of the Property to the Purchaser upon the Closing.

14.     From and after the date hereof, the Debtors or any creditor or other party in interest shall not take or cause to be taken any action that would interfere with the transfer of the Property to the Purchaser in accordance with the terms of this Order.

15.     Except with respect to liabilities expressly assumed in the Sale Agreement, the Purchaser shall not have any liability or other obligation of the Debtors arising under or related to the Property.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Sale Agreement, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Property prior to the Closing.

16.     Simultaneous with the Closing, the Debtors shall remit the proceeds of the Sale Transaction (i) in full satisfaction of the following secured claims against the Property that are senior to the Secured Lender's Claim (exact amounts to be determined as of Closing): the secured tax claim of Tower Capital Management, LLC, as servicer for NYCTL 2015-A Trust

and the Bank of New York Mellon as Collateral Agent and Custodian, the secured tax claim of the New York City Department of Taxation and Finance (Lots 121 and 130), the secured tax claims relating to those certain tax liens sold at a May 2016 tax lien sale relating to lot 121 for the second half of 2014/2015 and the 2015/2016 tax year, and the secured claim of the New York City Water Board; (ii) to the Broker in the amount of its earned commission on the Sale Transaction as previously approved by this Court; (iii) to the Debtors' professionals, on a pro rata basis, in payment of allowed outstanding administrative claims for professional fees, solely to the extent approved by this Court and up to the aggregate amount of $225,000; (iv) in satisfaction of recording charges and other amounts required to be paid by the Debtors under the Sale Agreement; and (v) in the remaining amount to the Secured Lender in full release of the Secured Lender's Liens, Claims and Interests against the Property.

17.     This Court hereby retains jurisdiction, regardless of whether a plan of reorganization has been confirmed and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (i) compel delivery of the Property to the Purchaser in accordance with the terms of the Sale Agreement; (ii) resolve any dispute, controversy or claim arising under or related to the Sale Agreement, or the breach thereof; and (iii) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

18.     Nothing contained in any plan confirmed in these chapter 11 cases or any order of this Court confirming such plan shall modify the provisions of the Sale Agreement or the terms of this Order.

19.      The transactions contemplated by the Sale Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  The Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.  Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction.

20.      The terms and provisions of the Sale Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, the Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtors' creditors, all prospective and actual bidders for the Property, and all persons and entities receiving notice of the Sale Motion, the Auction and/or the Sale Hearing, notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, or any trustee, examiner, or receiver.

21.      The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Sale Agreement and the provisions of this Order.

22.      The failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Sale Agreement be authorized and approved in its entirety.

23.     The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated:      New York, New York
            June 22, 2016

                                        _/s/ **Sean H. Lane**_
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

Schedule A

1124697

COMPANY NAME: ( A L Eastmond & Sons )
COUNTY: ( BRONX )

Run Date:  To: 04/07/2016
*******************************************************************

JUDGMENTS -

Bronx County from ( 08/90 to 04/06/16 )

Search Parameters- CORP:A L Eastmond & Sons

All Types Of Liens

Book Type -- Judgments Docket
Judgment Type: INDUSTRIAL COMMISSION WAR
Court: Supreme Court

Control No. 001750239-01
Index # 34-71121 1
Effective Date: 10/14/2015
Expiration Date: 10/22/2035
Docket Date:10/22/2015
Date Received:10/23/2015

Debtor Info:
A L EASTMOND & SONS INC
1200   OAKPOINT AVE
BRONX NY           10474-

Creditor Info:
COMMISSIONER OF LABOR STATE OF NEW YORK
- - -  DEPARTMENT OF LABOR
ALBANY NY          12240-

Amount: $14,836.21
----------------------------------------------------------------
Book Type -- Judgments Docket
Judgment Type: JUDGMENTS
Court: Criminal Court

Control No. 001203063-01
Index # 05AL020406
Effective Date: 11/06/2009
Expiration Date: 11/17/2029
Docket Date:11/17/2009
Date Received:11/18/2009

Debtor Info:
A L EASTMOND AND SONS INC
1175   LEGGETT  AVENUE
BX NY              10474-6294

Creditor Info:
THE CITY OF NEW YORK
100    CHURCH STREET
NEW YORK NY        10007-2601

Attorney:
GABRIEL TAUSSIG
100    CHURCH STREET
NY NY              10007-

Amount: $430.00

COM:11/17/2009-2002SX027131,142,145.

Title No: 0066-16-CB-50540

COUNTY CLERK SEARCH( 05/26/2016 )

COMPANY NAME: ( A.L. Eastmond & Sons )
COUNTY: ( QUEENS )

Run Date:  To: 05/26/2016
****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 04/30/16)

Search Parameters- CORP:A.L. Eastmond & Sons

A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519169Y     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519166Z     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519167K     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519165R     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519168M     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519173R     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519170L     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519174Z     Date-01/14

Amt: $22.20
------------------------------------------------------------
A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519171N     Date-01/14

Amt: $22.20

---

A L EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00519172P      Date-01/14

Amt: $22.20

---

A L EASTMOND & SONS CO
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187401400      Date-01/16

Amt: $5,000.00

---

A L EASTMOND & SONS INC
1190 EAST  156 STREET
BRONX, NY 10474
ECB Violation No.: 186184543      Date-07/15

Amt: $350.00

---

A L EASTMOND & SONS INC
1175 LEGGET AVE
BRONX, NY 10474
ECB Violation No.: 180428299      Date-01/14

Amt: $200.44

---

A L EASTMOND & SONS INC
1175 LEGGET AVE
BRONX, NY 10474
ECB Violation No.: 180428308      Date-01/14

Amt: $5.92

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 180422092      Date-01/14

Amt: $124.32

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 180428280      Date-01/14

Amt: $200.44

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187081218      Date-01/15

Amt: $5,000.00

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187364165      Date-07/15

Amt: $2,250.00

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187374450      Date-09/15

Amt: $1,500.00

---

A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187559103      Date-12/15

Amt: $2,250.00
--------------------------------------------------------------
A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 700009961      Date-12/15

Amt: $750.00
--------------------------------------------------------------
A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 700111170      Date-01/16

Amt: $750.00
--------------------------------------------------------------
A L EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 700168334      Date-03/16

Amt: $2,250.00
--------------------------------------------------------------
A.L. EASTMOND & SONS
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00407785L      Date-03/16

Amt: $2,340.00
--------------------------------------------------------------
A.L. EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00406994N      Date-01/16

Amt: $2,665.00
--------------------------------------------------------------
A.L. EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00404196J      Date-01/15

Amt: $2,340.00
--------------------------------------------------------------
A.L. EASTMOND SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00403905Z      Date-01/15

Amt: $1,137.50
--------------------------------------------------------------
AL EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187170922      Date-04/15

Amt: $2,250.00
--------------------------------------------------------------
AL EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 00404597K      Date-06/15

Amt: $2,730.00
--------------------------------------------------------------
AL EASTMOND & SONS INC
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 187084325      Date-01/15

Amt: $2,250.00
--------------------------------------------------------------
AL EASTMOND AND SONS INC
1175 LEGGETT AVENUE
BX, NY 10474
ECB Violation No.: 32075550J      Date-02/16

Amt: $1,600.00
------------------------------------------------------------
AL EASTMUND AND SONS EASTMOND ARLINGTO
1175 LEGGETT AVENUE
BRONX, NY 10474
ECB Violation No.: 32074409X        Date-01/15

Amt: $2,500.00
------------------------------------------------------------
END RETURNS
****************************************************************

Friday May 27, 2016